UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | ) )  ) |
| Plaintiff, | ) ) |
| v. | )   Civil Action No. 1:18-cv-1579 |
| HAMILTON FOX, *et al*, | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S REQUEST FOR VOLUNTARY RECUSAL

Plaintiff Larry Klayman ("Mr. Klayman") respectfully requests that this Court, without casting any negative light on the integrity of this Court, voluntarily recuse itself from this case.

A review of the records of the Federal Election Commission reveals that the Court has donated heavily to former First Lady and Presidential candidate Hillary Clinton former President Barack Obama, former presidential candidate John Kerry, former Vice President Biden, the highly partisan Senator Chris Van Hollen, and a host of other left leading Democrat candidates. Contributions between 1999 and 2013 including joint fundraising contributions total a huge $34,850.00, not even considering similar considerable contributions from the partners of Court's former primarily Democrat law firm, WilmerHale (aka Wilmer Cutler Pickering Hale and Dorr, LLP). Exhibit 1.

The Supreme Court's holding in *Caperton v. A.T. Massey Coal Co.*, 129 S. Ct. 2252 (2009) spotlighted the power of campaign contributions as a corrupting force. In *Caperton*, the Court held that a justice of the Supreme Court of Appeals of West Virginia was disqualified on due process grounds from sitting on a case involving a campaign contributor. *Id*. at 2256-57. The Supreme

1

Court held that a due process violation can be premised on evidence that falls short of "proof of actual bias." *Id*. at 2263. Instead, all that is needed is evidence showing "a serious risk of actual bias – based on objective and reasonable perceptions." *Id*. Proof of a high "probability[,]" *id*. at 2259, or "serious risk of actual bias[,]" *id*. at 2263, on a judge's part not only justifies recusal, but also provides grounds for an appellate challenge to a refusal to recuse under the Due Process Clause. *Id*. at 2263-65.

In lieu of an inquiry into the existence of actual bias, *Caperton* instructs reviewing courts to determine "whether, 'under a realistic appraisal of psychological tendencies and human weakness,' the interest 'poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.'" *Id*. at 2263 (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Recusal is required whenever "an objective inquiry into [the conflict problem] under all the circumstances 'would offer a possible temptation to the average . . . judge to . . . lead him not to hold the balance, nice, clear and true.'" *Id*. at 2264.

In addition, the Court was a political appointee with regard to various high level U.S. Department of Justice positions during the Clinton and Obama administrations and has worked for and/or volunteered for various Democrat and left leaning causes. For instance, as reflected in the Court's judicial questionnaire, it was appointed by former president Bill Clinton as Assistant Attorney General at the Office of Legal Counsel. Exhibit 2. Furthermore, the Court volunteered for the Obama-Biden presidential campaigns in 2008 and 2012, as well as the Kerry-Edwards presidential campaign in 2004 and the Clinton presidential campaign in 2007 or 2008. The Court also volunteered for Chris Van Hollen's congressional campaign in 2002 and Senator Gary Hart's presidential campaign in 1984. Exhibit 2. The Court's volunteer and employment history has a noticeable lack of Republican or conservative interests.

A review of the complaint herein will show that Plaintiff alleges that he is being selectively and improper prosecuted by Bar Disciplinary Counsel as a result, in large part, of his political activism and cases which he has filed as the founder, chairman and general counsel of Judicial Watch and later Freedom Watch, and in particular the cases he has filed and prosecuted against Hillary Clinton and Barack Obama.

Allegations concerning the Clintons and Democrats have been levied against Plaintiff in the bar disciplinary proceeding at issue herein, as set forth in the Complaint. Specifically, paragraph 93 of the Complaint alleges:

> Finally, at the hearing in the Sataki matter, Defendants, acting in concert, by and through Defendant Smith, openly admitted that their motivation in prosecuting bar complaints against Mr. Klayman is because he had filed large and complex lawsuits against Hillary Clinton, other Democrats, and other related parties, persons, and entities.

Not coincidentally, the Disciplinary Bar Counsel, Hamilton Fox and Depute Bar Counsel, Elizabeth Herman, both Defendants, have also donated monies to Barack Obama and other Democratic political candidates, some of which Plaintiff has sued in the past as part of his public interest advocacy.

In the questionnaire which the Court filled out and submitted with regard to his nomination and confirmation as a federal judge, which nomination was put forth by President Obama, the Court pledged to not just to consult with other judges should an issue of recusal arise, but also to follow the tenets of 28 U.S.C. 455 which requires recusal even if there is an appearance of partiality.

Today, regrettably we live in a highly polarized world which is dividing the nation to degree never before experienced by the American people. Conservative activists and others who are supportive of President Trump and Republican and conservative causes, such as Plaintiff, are

being threatened by congresspersons such as Rep. Maxine Waters, attacked by vigilantes and leftist groups in restaurants, in the streets and are vilified on national television, radio and the print media. There appears to be a movement afoot to punish anyone who, like Plaintiff, is supportive of President Trump and who opposes a leftist agenda previously furthered by Hillary Clinton and Barack Obama.

Moreover, as set forth in Plaintiff's complaint, a member of the hearing committee who is hearing the subject bar complaint, which Mr. Klayman alleged is politically motivated to attempt to remove him from the practice of law based on his politics, conservative activism and gender during this highly charged period, had even filed a bar complaint, along with other leftist law professors, against Trump White House official Kellyanne Conway, simply for her having made certain pubic allegedly untrue statements supportive of President Trump. Exhibit 3. *See* Comp.¶ 91.

As a result, given the allegations of Plaintiff's complaint, he respectfully submits, without any intention to impugn the integrity of this Court, that there exists the appearance of non-partiality which concerns him, and he respectfully asks that this case be returned to a random pool for reassignment or otherwise reassigned consistent with the concerns set forth herein.

Dated:  July 11, 2018                                                                           Respectfully submitted,

                                                                                                       /s/ Larry Klayman
                                                                                                Larry Klayman, Esq.
                                                                                                KLAYMAN LAW GROUP, PA
                                                                                                c/o 7050 W. Palmetto Park Road
                                                                                                #15-287
                                                                                                Boca Raton, FL 33433
                                                                                                Email: leklayman@gmail.com
                                                                                                Tel: 561-558-5563
                                                                                                *Counsel for Plaintiff*