IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, | ) |
| Plaintiff, | ) Civil Action No. 1:18-01579 (RDM) |
| v. | ) |
| HAMILTON FOX, *et al.*, | ) |
| Defendants. | ) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER GRANTING
MOTION TO DISMISS AND FOR RECUSAL OR DISQUALIFICATION**

Plaintiff's motion for reconsideration of the Court's order granting Defendants' motion to dismiss and for recusal or disqualification, ECF No. 35 ("Motion"), is an improper attempt to rehabilitate and repeat arguments Plaintiff has already raised and this Court has already decided. For the reasons outlined below, Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety.

**ARGUMENT**

**I.      Plaintiff Has Failed To Demonstrate That Reconsideration Is Warranted**

Plaintiff seeks relief from this Court's order dismissing his Amended Complaint pursuant to two provisions of Federal Rule of Civil Procedure 60(b): Rule 60(b)(1), which permits such relief upon demonstration of "mistake, inadvertence, surprise, or excusable neglect"; and Rule 60(b)(6), a catch-all provision for "any other reason that justifies relief." While "[t]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court," *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974*

*Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)), "[t]he party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to [it]," *People for the Ethical Treatment of Animals v. U.S. Dep't of Health & Human Servs.*, 226 F. Supp. 3d 39, 45 (D.D.C. 2017). Plaintiff fails to carry that burden here under either Rule 60(b)(1) or Rule 60(b)(6).

**1.** Relief pursuant to Rule 60(b)(1) is only granted in "extraordinary circumstances." *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 99 (D.D.C. 2008) (quoting *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11 (D.D.C.2003)). Plaintiff implies such circumstances are present here based on two "egregious[] err[ors]" he claims the Court committed: "(1) finding that Mr. Klayman did not plead the 'bad-faith' exemption to the *Younger* Abstention Doctrine with the requisite specificity and (2) finding that Defendants are covered by absolute immunity because Mr. Klayman did not plead action outside of the scope of employment with the requisite specificity." Mot. at 4. Neither supposed error warrants relief under Rule 60(b)(1).

"Rule 60(b)(1) typically encompasses 'mistake, inadvertence, surprise, or excusable neglect' *of the parties*," *Bestor v. FBI*, 539 F. Supp. 2d 324, 328 (D.D.C. 2008) (emphasis added), a scenario that Plaintiff's Motion does not allege. The D.C. Circuit "allows the rule to reach *the court's* alleged legal errors," by contrast, only in the "very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the Rule 60 motion." *Id.* (emphasis added); *see also, e.g.*, *Douglas v. District of Columbia Hous. Auth.*, 306 F.R.D. 1, 5 (D.D.C. 2014) ("Indeed, the D.C. Circuit has only recognized such a possibility where the district court has made an 'obvious error,' such as basing its legal reasoning on case law that, unbeknownst to the court, recently had been overturned."). Plaintiff, however, does not cite a single case that issued since he initiated this action, let alone one that has altered the controlling law since the Court issued its order dismissing the Amended Complaint.

2

Instead, Plaintiff merely contends that the Court erred in construing the allegations in his Amended Complaint and applying them to long-standing precedent. *See, e.g.*, Mot. at 4 (acknowledging that this case turns on doctrines that "the District of Columbia Circuit has squarely held," even before this Court ever ruled); *id.* at 7 (relying on 2010 case concerning scope of immunity). But "a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1)." *Douglas*, 306 F.R.D. at 5 (quoting *Munoz v. Bd. of Trustees of Univ. of D.C.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010)). Therefore, because "the [P]laintiff does not allege, nor could he, that an intervening change in law has occurred since the court issued its [final] judgment[,] . . . Rule 60(b)(1) is inapplicable." *Bestor*, 539 F. Supp. 2d at 328.

**2.** The same conclusion holds for Rule 60(b)(6). "The Supreme Court has noted that courts should grant Rule 60(b)(6) motions only in 'extraordinary circumstances,'" *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)), and the D.C. Circuit has observed that this catch-all provision "should be only sparingly used," *id.* at 792 (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). In particular, "[r]econsideration is proper under Rule 60(b)(6) *only* 'when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust.'" *Taitz v. Obama*, 754 F. Supp. 2d 57, 59 (D.D.C. 2010) (emphasis added) (quoting *Good Luck Nursing Home, Inc.*, 636 F.2d at 577).

Plaintiff has not demonstrated any extraordinary circumstances or manifest injustice here, and does not so much as hint at a "previously undisclosed fact so central to the litigation." On the contrary, rather than present *any* new fact, the Motion merely reemphasizes the allegations that Plaintiff claims the Amended Complaint "expressly and unequivocally pleads" and the Court

3

"even runs through" in its order.  Mot. at 5.  Plaintiff had ample opportunity to argue that he pleaded with requisite specificity that Defendants' actions fit within the bad-faith exception to the *Younger* doctrine and fell outside the scope of their employment; in fact, he previously presented those specific arguments.  *See* ECF No. 25; *see also* ECF No. 36.  That the Court disagreed with Plaintiff's arguments is hardly remarkable, and certainly provides no basis for reconsideration, as "[t]he case law makes clear that Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan." *Kramer*, 481 F.3d at 792.  Indeed, even if the Court had committed error in the manner Plaintiff suggests (which is not the case), that alone would not entitle Plaintiff to the re-do he seeks; "rule 60(b)(6) relief is not a "substitute for appeal." *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1122 (D.C. Cir. 2011) (quoting *Polites v. United States*, 364 U.S. 426, 432 (1960)).

Accordingly, Plaintiff's motion for reconsideration must be denied under both Rule 60(b)(1) and Rule 60(b)(6).

## II.     Plaintiff Has Failed To Demonstrate That Recusal Or Disqualification Is Warranted

Plaintiff also moves for recusal or disqualification under 28 U.S.C. § 144 and 28 U.S.C. § 455.  In addition to satisfying critical procedural safeguards, a motion to recuse or disqualify must contain more than "bald allegations of bias or prejudice," *Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 255 (D.D.C. 2017) (quoting *Karim–Panahi v. U.S. Cong., Senate & House of Representatives*, 105 F. App'x 270, 275 (D.C. Cir. 2004)), and must "set[] forth a legally sufficient basis for disqualification" that "state[s] facts as opposed to conclusions" of reasonably questionable impartiality, *id.* at 256-257 (citations and internal quotation marks omitted).  Because Plaintiff's Motion is both procedurally and substantively defective, it fails to demonstrate that either drastic measure is warranted here.

**1.** As a preliminary matter, Plaintiff is procedurally barred from invoking the extreme relief he seeks under section 144 because his affidavit is "[un]timely and [in]sufficient."  28 U.S.C. § 144.  That provision requires that a party's "affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" "*shall be filed* not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause *shall be shown* for failure to file it within such time."  *Id.* (emphasis added).  This "timeliness requirement" is "[c]rucial to the integrity of the judicial process" because it "ensures that a party may not wait and decide whether to file based on 'whether he likes subsequent treatment that he receives.'"  *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 492 (D.C. Cir. 2004) (quoting *In re United Shoe Mach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960)).

Plaintiff filed his affidavit well after that statutory deadline, and neither that affidavit nor the Motion to which it is attached provides any indication of good cause for the delay.  Although Plaintiff intimates that the Court's order itself constitutes some intervening basis for the relief he seeks, "mere dissatisfaction with a ruling of this Court is insufficient to warrant recusal or disqualification," and thus cannot extend the statutory deadline under section 144, particularly when all the other "complained of acts in the pending motion and affidavit occurred years prior." *Klayman*, 278 F. Supp. 3d at 258, 264.  Where, as here, "[t]he plaintiff filed his motion at the close of the case and bases his motion on facts long-known[,] [t]here is simply no reason to excuse the delay." *Twist v. U.S. Dep't of Justice*, 344 F. Supp. 2d 137, 142 (D.D.C. 2004).

Moreover, section 144 also requires that the affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith."  28 U.S.C. § 144; *see, e.g.*, *Loving Spirit Found*, 392 F.3d at 496 ("[T]o guard against the removal of an unbiased judge through the filing

of a false affidavit, the statute requires the attorney presenting the motion to sign a certificate stating that both the motion and declaration are made in good faith." (internal citation omitted)). While Plaintiff's affidavit includes an assertion that the recited facts are "true and correct to the best of [his] knowledge and belief," ECF No. 35-2, at 4, it does not comport with section 144 because no certificate of good faith accompanies it. *See, e.g.*, *Armenian Assembly of A*m*., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 88 (D.D.C. 2011) (finding that plaintiff's motion was "not supported by a valid certificate of counsel pursuant to § 144" where counsel's certificate stated the motion was made in good faith, but "d[id] not state that the declaration . . . was submitted in good faith"). Accordingly, Plaintiff's untimely and insufficient affidavit forecloses recusal under section 144.[1]

**2.**  Plaintiff's Motion fares no better on the merits, whether considered under section 144 or section 455. *See Twist*, 344 F. Supp. 2d at 142 (explaining that the substantive standards generally overlap because recusal under section 144 "is required only in circumstances specified in 28 U.S.C. § 455(b)"). Plaintiff does not contend that disqualification or recusal is warranted under any of the specific circumstances enumerated in section 455(b), such as the presence of a "*personal* bias or prejudice," a prior or ongoing relationship or experience connected to "the *particular* case in controversy," or a financial or other interest that "could be substantially affected

---

[1] "[W]hile section 455(a) contains no express timeliness provision, most circuits considering the matter have concluded that a litigant must raise the disqualification issue within a reasonable time after the grounds for it are known." *United States v. Barrett*, 111 F.3d 947, 951 (D.C. Cir. 1997) (citation omitted). As explained further below, the only "new" reason for disqualification that Plaintiff raises in his Motion boils down to the fact that the Court "found the Amended Complaint to be conclusory." Mot. at 10. Because that does not provide a legitimate basis for disqualification, *see* p. 7, *infra*, and all the other purported grounds for disqualification were known well before this case even began, Plaintiff's Motion is also untimely under section 455. *See Armenian Assembly of Am.*, 783 F. Supp. 2d at 87 ("For purposes of timeliness, the applicant is charged with knowledge of all facts 'known or knowable, if true, with due diligence from the public record or otherwise.'" (citations omitted)).

by the outcome of *the proceeding*." 28 U.S.C. § 455(b) (emphasis added).  Instead, Plaintiff claims generally that recusal or disqualification is required because the Court's "impartiality might reasonably be questioned." Mot. at 8 (quoting 28 U.S.C. § 455(a)).

In support of that claim, Plaintiff primarily marshals the same unfounded arguments concerning the Court's "political partisanship" that he raised in his prior recusal motion.  Mot. at 10; *see* ECF No. 4.  This Court already properly rejected those arguments.  *See* ECF No. 5.  In particular, the Court correctly explained that "the process of judging has [no]thing to do with the past political activity or public service of judges." *Id.* at 2.  Basing recusal on Plaintiff's allegations of the Court's prior political and professional activities "is not only unwarranted, but would foster the erroneous—and corrosive—perception that judicial decisions are based on politics, rather than the relevant law and facts." *Id.* at 3.

Plaintiff offers only two purported grounds for recusal or disqualification that the Court has not previously considered and rejected: (1) that the Court ruled against Plaintiff and precluded discovery after finding "the Amended Complaint to be conclusory," Mot. at 10; and (2) that the Court "tr[ied] to give off the false impression of impartiality" by "dismiss[ing] Mr. Klayman's claims without prejudice," *id.* at 3-4.  As to the former, it is well established that "unfavorable judicial rulings alone almost never constitute a valid basis for reassignment." *United States v. Hite*, 769 F.3d 1154, 1172 (D.C. Cir. 2014); *see, e.g.*, *Klayman*, 278 F. Supp. 3d at 256 ("[C]ourts in this circuit have routinely held that a claim of bias predicated on a court's rulings do not, standing alone, warrant recusal.").  As to the latter, the Court's willingness to afford Plaintiff an opportunity to correct his pleading defects hardly suggests any indicia of bias or partiality against Plaintiff.  Therefore, Plaintiff has failed to demonstrate any need for the "extreme measure" he seeks. *Twist*, 344 F. Supp. 2d at 142.

7

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion with respect to both his request for reconsideration under Rule 60(b) and his request for recusal or disqualification under 28 U.S.C. §§ 144, 455. Because Plaintiff's Motion presents straightforward issues that this Court already has substantially considered, there is no need for oral argument.

Dated: June 21, 2019                                          Respectfully submitted,

/s/ Mark J. MacDougall
Mark J. MacDougall (D.C. Bar No. 398118)
Lide E. Paterno (DC Bar No. 166601)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 887-4000 | Fax: (202) 887-4288
mmacdougall@akingump.com
lpaterno@akingump.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of June 2019, a true and correct copy of the foregoing document was served upon the parties in this case via the Court's electronic filing system and is available for viewing and downloading from the ECF system.

/s/ Mark J. MacDougall
Mark J. MacDougall (D.C. Bar No. 398118)