# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    *Plaintiff*,

v.

HAMILTON FOX, *et al.*,

    *Defendants.*

Civil Action No. 18-1579 (RDM)

## MEMORANDUM OPINION

    The matter is before the Court on Plaintiff Larry Klayman's motion for reconsideration of the Court's order dismissing the amended complaint and Plaintiff's motion for recusal or disqualification. Dkt. 35. Having reviewed Plaintiff's motion for reconsideration, *id.*, Defendants opposition, Dkt. 37, and Plaintiff's reply, Dkt. 38, the Court concludes that Plaintiff's motion merely rehashes his prior arguments. The Court will, accordingly, deny the motion for the same reasons set forth in the Court's June 5, 2019 Memorandum Opinion, Dkt. 33. To the extent that Plaintiff seeks to bring to the Court's attention additional examples of alleged misconduct by the Office of Disciplinary Counsel ("ODC"), *see* Dkt. 38 at 1–2 (referring the Court to a "whistleblower report"); Dkt. 38-1 (Ex. 1) ("Whistleblower Report"), that information is irrelevant for present purposes. The Court dismissed Plaintiff's amended complaint, Dkt. 10 (Amd. Compl.), based on the legal insufficiency of the allegations contained in that complaint. Plaintiff cannot supplement those allegations by attaching an exhibit to his motion for reconsideration.

The Court will also deny Plaintiff's motion for recusal on the grounds set forth in the Court's July 19, 2018 Order, *see* Dkt. 5; *see also* Minute Order (Oct. 4, 2018) (denying Plaintiff's renewed motion for recusal), and for three additional reasons.

*First*, the Court has previously considered and denied Plaintiffs' request for recusal, and Plaintiff has failed to identify any grounds for reconsideration of those decisions.

*Second*, although Plaintiff has already twice sought recusal in this case, *see* Dkt. 4; Dkt. 17, this is the first time that he has invoked 28 U.S.C. § 144. Under 28 U.S.C. § 144, a litigant must submit an affidavit or declaration stating "the facts and the reasons for his belief that bias or prejudice exists . . . not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such a time." *Id*. Plaintiff did not, however, file such a declaration until after the Court had granted Defendants' motion to dismiss. The information in Plaintiff's declaration, moreover, was known well before the Court issued its Memorandum Opinion on June 5, 2019. *See* Dkt. 35-2 (Klayman Decl.). Plaintiff's motion pursuant to 28 U.S.C. § 144 is, accordingly, untimely. *See SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 492 (D.C. Cir. 2004) ("Crucial to the integrity of the judicial process, the timeliness requirement ensures that a party may not wait and decide whether to file based on 'whether he likes subsequent treatment that he receives.'" (quoting *In re United Shoe Mach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960))); *see also Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 258 (D.D.C. 2017) ("[M]ere dissatisfaction with a ruling of this Court is insufficient to warrant recusal or disqualification.").

*Third*, Plaintiff's only new argument is meritless. He argues that the Court is clearly biased because "Judge Moss dismissed [the amended complaint] without prejudice," thus revealing that "[he] knew that his order was wrong." Dkt. 25 at 3. The Court does not follow

the logic of that contention. It may be that Plaintiff would face substantial—and, perhaps, insurmountable—hurdles in attempting to file a second amended complaint that would overcome the deficiencies the Court identified in his amended complaint. But providing him with the opportunity to try to do so hardly reflects judicial bias.

For the reasons stated above, the Court will **DENY** Plaintiff's motion for reconsideration and for recusal, Dkt. 35.[1] Because Plaintiff has indicated that he does not intend to file a second amended complaint, *see id.* at 6, the Court will now enter final judgment.

A separate order will issue.

/s/ Randolph D. Moss<br>RANDOLPH D. MOSS<br>United States District Judge

Date: August 8, 2019

---

[1] The Court will also **DENY** Plaintiff's "Renewed Motion for Oral Argument," Dkt. 39, on the ground that oral argument would not assist in the resolution of the Plaintiff's motions.